**In re Patricia LEVOY and Daniel R. Aikens, Debtors.**

**UNITED STATES of America, Appellant,**

v.

**Patricia LEVOY; Daniel R. Aikens; United States Trustee, Appellees.**

**BAP No. CC–93–2301–OJV.**

**Bankruptcy No. LA 85–08769–SB.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 22, 1995.

Decided May 17, 1995.

---

828

H. James Rosenberg, William H. Brownstein, Studio City, CA, for debtors.

Before OLLASON, JONES and VOLINN, Bankruptcy Judges.

## OPINION

OLLASON, Bankruptcy Judge:

The United States of America ("the United States") appeals the bankruptcy court's order of October 22, 1993, which denied its motion to vacate the order disallowing claims of the Internal Revenue Service ("the IRS"). The United States contends that notice of the debtors' objections to the proofs of claim was insufficient, pursuant to Federal Rule of Bankruptcy Procedure 7004 [1], and that the bankruptcy court's order was void for lack of personal jurisdiction. Alternatively, the United States contends that the bankruptcy court improperly entered a default judgment against it without satisfactory evidence as to the merits of the debtors' objections. Fed. R.Civ.P. 55(e) (made applicable by Fed. R.Bankr.P. 7055). We AFFIRM.

### STATEMENT OF FACTS

Patricia Levoy and Daniel Aikens ("Debtors") filed voluntary petitions under Chapter 11, on June 24, 1985. Their cases were consolidated in bankruptcy court, and their joint plan of reorganization was confirmed on April 5, 1994. Treatment of the general unsecured creditor class under the plan has been stayed pending the outcome of this appeal.

Debtors were officers, directors and majority shareholders in a California corporation known as All Seasons Air Pacific ("ASAP"), which also filed for bankruptcy protection.

The IRS timely filed priority tax claims in Debtors' bankruptcy case as well as in the ASAP case for the 100% penalty assessment imposed pursuant to Section 6672 of the Internal Revenue Code.[2]

Richard G. Stack, Los Angeles, CA, for U.S.

1. Unless otherwise stated, all references to "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. All references to "rule" are to the Federal Rules of Bankruptcy Procedure, 1001–9036.

2. 26 U.S.C. § 6672 imposes a penalty on any persons responsible for collecting and paying over to the IRS income tax withholding and FICA tax amounts who willfully fail to do so. *Bronson v. United States*, 46 F.3d 1573, 1574 (Fed.Cir.1995). The penalty is assessed and collected as a tax. *Id.* at 1574 n. 1; *United States v. Sotelo*, 436 U.S. 268, 274–75, 98 S.Ct. 1795, 1799–1800, 56 L.Ed.2d 275 (1978) (funds collected or withheld as required by law were "taxes").

The IRS's opening brief stated that this appeal concerned two of those proofs of claim[3]: (1) claim no. 49, filed May 6, 1988 against Patricia Levoy, in the amount of $84,497.11; and (2) claim no. 55, filed October 14, 1988 against Daniel Aikens, in the amount of $63,982.41. However, at oral argument, the United States stated that the amount at issue was approximately $84,000, as reflected in claim no. 49.[4]

On or about February 10, 1992, Debtors filed a comprehensive "Notice of Objection to Claim and Objection to Creditor's Claims," consisting of objections to claims of several creditors, including those of the IRS, and providing notice of a hearing on the objection on March 31, 1992. The Debtors stated the following objection to IRS claims no. 49 and no. 55:

> Those claims were satisfied to the best of Debtors [sic] knowledge in the ASAP case. Additionally, those claims constitute claims that were erroneously assessed to the Debtor who was not a responsible party as that term is defined in the Internal Revenue Code.... Additionally, such claims constitute duplicate claims that must be denied to the extent that they constitute duplicate claims. The duplicate claims constitute the claim against Daniel R. Aikens and Patricia Levoy, which claims are based on the identical trust fund portion of taxes that purportedly were not paid. Finally, all trust fund portion of taxes were paid prior to the filing of [our] Chapter 11 case and the IRS has erroneously failed to properly credit such payments.

Pamela Moore, a secretary for Debtors' attorney, signed a proof of service on February 10, 1992, stating that on January 10, 1992, she caused the notice of objection to be mailed to the following parties on the attached mailing list:

SPS—IRS
P.O. Box 1431
Room 4062
Los Angeles, CA 90053–1431
Attorney General of the
United States of America
Washington, D.C.
United States Attorney
312 North Spring Street
Los Angeles, CA 90012

No appearance was made on behalf of the United States at the March 31, 1992 hearing. Based on Debtors' objection, the bankruptcy court denied the IRS claims in its order entered on May 11, 1992.

On April 14, 1992, Moore signed a proof of service, indicating that she mailed a copy of the order on April 14, 1992, to the IRS, the United States Attorney, and the Attorney General of the United States, at the addresses as listed above.

On August 24, 1993, more than one year later, the United States filed a motion to vacate the bankruptcy court's allegedly void order on the grounds that the bankruptcy court lacked jurisdiction over it due to improper service of Debtors' objection. The motion also alleged that Debtors failed to establish their right to relief based on satisfactory evidence, as required, before a default judgment may be entered against the United States. Fed.R.Bankr.P. 7055/Fed.R.Civ.P. 55(e). It also contended that its claims were meritorious.

The United States filed the declaration of Richard Stack, Assistant United States Attorney for the Central District of California. Stack stated that neither his office, nor the Attorney General's office in Washington, D.C., had received Debtors' notice of objection. He did not know about the objection, he stated, until June 4, 1992, when his office received a facsimile of the May 11, 1992

---

3. Debtors objected to five IRS claims: nos. 17 (no amount listed), 49, 50, 55 and 57. The United States has not appealed the bankruptcy court's disallowance of claims nos. 17, 50 and 57. It conceded that claim no. 50 in the amount of $112,534.81, filed on May 1, 1987 against Daniel Aikens, was a duplicate of the tax liability in claim no. 55, but which erroneously included prepetition penalties and interest. The United

States alleged that it had no record of proof of claim no. 57 in the amount of $75,480.12.

4. The record, including the declaration of IRS bankruptcy advisor Dennis Ciesiel, shows that, apparently, the tax reflected in claim no. 55 was abated by the IRS because it was assessed in violation of the automatic stay.

order denying the IRS's claims. The facsimile was sent by the Department of Justice's Civil Trial Section, in Washington, D.C. (Therefore, that office had received a copy of the order.) Subsequently, Stack's office obtained Debtors' file, including a copy of the objection, from the local IRS office.

The United States also filed the declaration of Nenita Villanueva, a legal clerk in the United States Attorney's Office for the Central District of California, whose duties included routing mail and filing information on tax cases. She stated that their office had no record of ever having received the notice of objection from Debtors. She further stated that their office did not open a file on Debtors until August 26, 1992, one day after they received correspondence regarding the case (and a copy of the objection) from the local IRS office.

Debtors responded to the United States' motion, and filed Pamela Moore's declaration, wherein Moore confirmed that she had duly mailed the notice of the objection and order according to her proofs of service, and had not been told to do otherwise by her employer, Debtors' attorney. She stated that "in the case of the IRS I make sure that all required parties are served," and that she had "no record of any documents served on the IRS being returned by the postal service."

A hearing on the United States' motion was held on September 28, 1993. Present were Stack, representing the United States, and Debtors' attorney.

The bankruptcy court determined that the United States had submitted to the court's jurisdiction by virtue of its filing proofs of claim. The bankruptcy court stated that a motion to vacate must be made "within a reasonable time," and the United States had offered no reason for its delayed motion. It noted the resultant prejudice to Debtors and the court. The bankruptcy court made the oral finding that "by June of 1992 the government had sufficient notice in all of the relevant offices that it should have acted promptly." The bankruptcy court denied the motion in its order entered on October 22, 1993. This appeal ensued.

## ISSUES

I. Whether the bankruptcy court erred by determining that its order of May 11, 1992 was not void for: 1) lack of personal jurisdiction over the United States; or 2) lack of proper service of Debtors' objection upon the United States.

II. Whether the bankruptcy court's May 11, 1992 order was an improper default judgment against the United States.

III. Whether the bankruptcy court abused its discretion by denying the United States' motion to vacate.

## STANDARD OF REVIEW

■ Whether a judgment is void because the court lacked personal jurisdiction over the United States under the circumstances is reviewed *de novo*. *In re Cossio*, 163 B.R. 150, 154 (9th Cir. BAP 1994), *aff'd*, 56 F.3d 70, (9th Cir.1995).

■ Factual circumstances surrounding service of process are reviewed under the clearly erroneous standard of Fed. R.Bankr.P. 8013. *Id.*

■ We review the bankruptcy court's decision on a motion to vacate its judgment or order for an abuse of discretion. *In re Hammer*, 112 B.R. 341, 345 (9th Cir. BAP 1990), *aff'd*, 940 F.2d 524 (9th Cir.1991). A bankruptcy court abuses its discretion if it bases its ruling upon an erroneous view of the law or a clearly erroneous assessment of the evidence. *In re Rainbow Magazine, Inc.*, 136 B.R. 545, 550 (9th Cir. BAP 1992). There is no discretion to refuse vacating a judgment if it is void. *Cossio*, 163 B.R. at 154.

## DISCUSSION

■ 11 U.S.C. § 502(j) provides that a claim that has been allowed or disallowed may be reconsidered for cause. Fed. R.Bankr.P. 3008 provides the means for seeking reconsideration of an order allowing or disallowing a claim. It provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a

hearing on notice shall enter an appropriate order." There is no time limit for bringing a Rule 3008 motion. We have held that where the motion is filed after ten days following the entry of the order, it is properly treated as a motion to vacate pursuant to Fed. R.Civ.P. 60(b), made applicable by Fed. R.Bankr.P. 9024. *In re Cleanmaster Indus., Inc.,* 106 B.R. 628, 630 (9th Cir. BAP 1989). The United States properly moved to vacate the order more than one year after it was entered, pursuant to Fed.R.Bankr.P. 9024/ Fed.R.Civ.P. 60(b)(4), which provides relief from a void judgment or order.

### A. Was the May 11, 1992 judgment void?

#### (1) Personal jurisdiction over the United States.

■ Lack of personal jurisdiction renders a judgment void. *Veeck v. Commodity Enter., Inc.,* 487 F.2d 423, 426 (9th Cir.1973); *In re Harlow Properties, Inc.,* 56 B.R. 794, 796 (9th Cir. BAP 1985). Defective notice may result in the court's lack of jurisdiction over the parties. *In re Center Wholesale, Inc.,* 759 F.2d 1440, 1448 (9th Cir.1985).

■ It is a well-settled principle that the IRS cannot be sued and that the proper party in actions involving federal taxes is the United States of America. *Blackmar v. Guerre,* 342 U.S. 512, 514, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952); *United States v. Oxylance Corp.,* 115 B.R. 380, 381 (N.D.Ga.1990); *In re Morrell,* 69 B.R. 147, 149 (N.D.Cal. 1986).

■ The United States' argument that allegedly defective service divested the court of jurisdiction over it is irrelevant, however, where the United States has submitted to the bankruptcy court's jurisdiction by filing its proofs of claim. "A creditor who offers proof of his claim, and demands its allowance, subjects himself to the dominion of the court, and must abide the consequences." *Wiswall v. Campbell,* 93 U.S. 347, 351, 23 L.Ed. 923 (1876), later cited in *Gardner v. State of New Jersey,* 329 U.S. 565, 573, 67 S.Ct. 467, 472, 91 L.Ed. 504, *reh'g denied,* 330 U.S. 853, 67 S.Ct. 768, 91 L.Ed. 1296 (1947). *See also Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d

343 (1990), *reh'g denied,* 498 U.S. 1043, 111 S.Ct. 721, 112 L.Ed.2d 709 (1991) (by filing claims against the bankruptcy estate, the respondents in that case brought themselves within the equitable jurisdiction of the bankruptcy court); *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 58 and n. 14, 109 S.Ct. 2782, 2799 and n. 14, 106 L.Ed.2d 26 (1989) (" 'by presenting their claims respondents subjected themselves to all the consequences that attach to an appearance....' ") (quoting *Katchen v. Landy,* 382 U.S. 323, 335, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966) (creditors consent to the bankruptcy court's summary jurisdiction over preference actions by filing a claim against the bankruptcy estate)).

The bankruptcy court cited *Langenkamp* for reaching its determination that the bankruptcy court had personal jurisdiction over the United States because it filed proofs of claim. *Langenkamp* concerned whether creditors who submit a claim against a bankruptcy estate and are then sued by the trustee in bankruptcy to recover allegedly preferential monetary transfers are entitled to jury trial under the Seventh Amendment. The Supreme Court held:

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.... If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process.... In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction.*

*Langenkamp,* 498 U.S. at 44, 111 S.Ct. at 331 (emphasis in original) (citing *Granfinanciera,* 492 U.S. at 57–58, 109 S.Ct. at 2798–99).

The Court went on to hold that respondents were not entitled to a jury trial on the trustee's preference action. *Langenkamp,* 498 U.S. at 44–45, 111 S.Ct. at 331–32. In *Granfinanciera* the creditor had *not* filed a proof of claim. The Court held that the trustee's fraudulent conveyance action

against the creditor did not arise as part of the process of allowance and disallowance of claims; therefore, the creditors retained a right to a trial by jury. *Id.* at 58, 109 S.Ct. at 2799.

■ Although the focus of *Langenkamp* and its progeny is on the nature of the *action* against the creditor, we believe the cases still support the determination by the bankruptcy court in this case where the action involved a counterclaim to the IRS proof of claim.[5],[6] Such a conclusion is consistent with the long-standing view of the Supreme Court that a claimant submits to the bankruptcy court's jurisdiction for purposes of allowance or disallowance of its claims. Therefore, the bankruptcy court's conclusion was correct that it had personal jurisdiction over the United States by virtue of the United States' having filed its proofs of claim, and we affirm this conclusion of law.[7]

### (2) Proper Notice.

■ A judgment is also void when it is found that there has been defective service of process that is inconsistent with due process of law. *Mason v. Genisco Tech. Corp.,* 960 F.2d 849, 851 (9th Cir.1992); *Center Wholesale,* 759 F.2d at 1448 (judgment may

be set aside on voidness grounds under Rule 60(b)(4) for a violation of the due process clause of the Fifth Amendment); *Cossio,* 163 B.R. at 154. It is fundamental that due process of law requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314; 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Service under Fed.R.Bankr.P. 7004(b) comports with the procedural due process requirements identified by the Supreme Court in *Mullane. Leavell v. Karnes,* 143 B.R. 212, 217 (S.D.Ill.1990).

The procedure for filing objections to the allowance of claims is established in part by Fed.R.Bankr.P. 3007. Rule 3007 provides that an objection shall be in writing and filed with the bankruptcy court, and a copy of the objection with notice of a hearing "shall be mailed or otherwise delivered" to the claimant at least 30 days prior to the hearing. It further provides that if an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, then it becomes an adversary proceeding.[8]

■ The parties disagree as to the type of notice required under Rule 3007. The

---

5. The bankruptcy court from the District of Columbia recently found these cases irrelevant when deciding a motion to dismiss a complaint for lack of personal jurisdiction where the defendant had filed a proof of claim:

> "The focus in both cases [*Granfinanciera* and *Langenkamp*] on whether the claims against the defendants were equitable claims instead of claims at law was necessary to determine whether there was a right to a jury trial. Such a determination is irrelevant to [the] motion to dismiss as personal jurisdiction is unaffected by the equitable or legal character of the plaintiff's claims."

*In re American Export Group Intern. Services, Inc.,* 167 B.R. 311, 315 (Bankr.D.D.C.1994). The court held that the filing of a proof of claim is analogous to filing a complaint in the bankruptcy case, and thereby constitutes subjection to the bankruptcy court's jurisdiction for purposes of the claim allowance proceeding. *Id.* at 313–315 (citing cases).

6. For recent cases construing *Langenkamp, see In re Parker North American Corp.,* 24 F.3d 1145, 1149–56 (9th Cir.1994) (jurisdiction affected by FIRREA); *In re Conejo Enter., Inc.,* 174 B.R. 814, 818–20 (C.D.Cal.1994) (in case involving con-

tract cause of action, bankruptcy court held that it must make case-by-case analysis of court's jurisdiction); *In re Griffin,* 143 B.R. 247, 248–49 (Bankr.D.Idaho 1992) (creditors who filed adversary proceeding for fraud and conversion as well as for determination of nondischargeability of debt triggered process of allowance and disallowance of claims, thereby subjecting themselves to bankruptcy court's equitable power, and they had no right to jury trial on the underlying claims).

7. The United States also made a brief argument that the alleged lack of personal jurisdiction meant that it had not waived its sovereign immunity. The Panel does not find sovereign immunity to be an issue here where the IRS formally invoked the jurisdiction of the bankruptcy court by filing proofs of claims and Debtors' objections were in the nature of compulsory counterclaims. *See* 11 U.S.C. § 106.

8. Debtors stated that their objection did not include a Rule 7001 claim; however, their objection raised contested issues as to their tax liability and would properly have been the subject of a § 505 motion.

United States argued that Fed.R.Bankr.P. 7004 applies, while Debtors argued that under *Langenkamp,* the United States was not required to be served with a summons or other pleading. We do not find merit in Debtors' argument and agree that the position of the United States expresses the correct, majority viewpoint on this issue.

Fed.R.Bankr.P. 3007 does not provide the manner for service of the objection to a proof of claim. However, the rule's Advisory Committee Note states: "The contested matter initiated by an objection to a claim is governed by rule 9014...." Fed.R.Bankr.P. 9014, which pertains to contested matters, in turn, makes applicable the service provisions of Fed.R.Bankr.P. 7004.

Most authorities agree that claim objections are contested matters. 8 COLLIER ON BANKRUPTCY, § 3007.03[1] at 3007–3 (15th ed. 1994); *In re Zumbrun,* 88 B.R. 250, 252 (9th Cir. BAP 1988) (same due process and service requirements are applicable to both bankruptcy rules 7004 and 9014); *Oxylance Corp.,* 115 B.R. at 381; *Morrell,* 69 B.R. at 149; *In re Simms,* 33 B.R. 792, 793 (N.D.Ga. 1983) (objection to IRS proof of claim was adversary proceeding subject to former Rule 704). Thus, we hold that Fed.R.Bankr.P. 9014 applies to objections to claims.

Having determined that Debtors were obligated to serve the United States in the manner provided by Fed.R.Bankr.P. 7004, that rule provides for service upon the United States

by mailing a copy of the summons and complaint to the United States attorney for the district in which the action is brought and also the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or an agency of the United States not made a party, by also mailing a copy of the summons and complaint to such officer or agency.

Fed.R.Bankr.P. 7004(b)(4).

■ The United States contends that Debtors' notice of its objection and hearing was defective because: 1) the mailing address for the United States Attorney General in Washington, D.C., did not contain a street address, or a zip code as required by Local Bankruptcy Rule 105(1)(a) [9] for the Central District of California; 2) the objection was not received by the local district office of the United States Attorney or by the Attorney General in Washington, D.C.

Other than the local bankruptcy court rule, which is discretionary with the bankruptcy court, the United States has not provided us with any authority for its position that the mailing to the Attorney General in Washington, D.C., must contain a street address and zip code to comply with Fed.R.Civ.P. 7004(b)(4). We, likewise, were unable to find a case on point. Nevertheless, the fact that the copy of the objection was not returned (per Moore's declaration) and the fact that the Justice Department in Washington, D.C., received the May 11, 1992 order, because they faxed it to the California office, create permissible inferences that the objection was received by the Washington, D.C., office of the Attorney General as addressed. Therefore, we do not find a basis in the record for concluding that the notice to the United States was more than a technical defect because the street address and zip code were not included on the mailing to the Attorney General of the United States, in Washington, D.C. Moreover, the notice was "reasonably calculated" to apprise the United States of the pendency of the action and afford it an opportunity to present its objections.

■ Mail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee. *In re Bucknum,* 951 F.2d 204, 207 (9th Cir. 1991). The presumption can only be overcome by clear and convincing evidence that

---

**9.** The United States further contends that it was Debtors' duty to ensure the completeness and accuracy of the addresses on the master mailing list. *See* Local Bankruptcy Rule 105(6)(e) for the Central District of California. This is not a relevant argument since this issue did not involve notice pursuant to Fed.R.Bankr.P. 2002.

the mailing was not, in fact, accomplished. *Id.*

■ The United States presented evidence that the objection was not received by the United States Attorney in Los Angeles, and hearsay evidence that it was not received by the Attorney General in Washington, D.C. (declaration of Stack). As discussed above, Debtors' evidence supported a finding that the Attorney General in Washington, D.C., did receive the notice of objection as well as the order. Debtors also provided the declaration of Pamela Moore in response to the United States' evidence in rebuttal of the presumption of delivery. She stated that she had mailed the documents and none were returned as undeliverable. Where it is one party's word against the other's, the trier of fact makes the call. *In re Bradford,* 112 B.R. 347, 352 (9th Cir. BAP 1990). Since the evidence of proper service is plausible, we do not find clear error in the bankruptcy court's determination that all of the offices received notice of the objection. Therefore, there was no violation of due process.

We hold that the bankruptcy court's judgment of May 11, 1992 was not void because the bankruptcy court had personal jurisdiction over the United States and the United States had been served with the objection in accordance with the Bankruptcy Rules.

### B. Was the May 11, 1992 order an improper default judgment?

The United States contends that the May 11, 1992 order was improperly entered in violation of Fed.R.Civ.P. 55(e) (made applicable by Fed.R.Bankr.P. 7055), which provides that "[n]o judgment by default shall be entered against the United States ... unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." The United States contends that the bankruptcy court did not have evidence before it on which to base its ruling. The bankruptcy court's order denying the motion to vacate did not rule on this claim.

■ This issue is improperly raised on appeal because, while the order denying the motion to vacate is appealable, the underlying judgment disallowing the claims is not appealable. *Cleanmaster Indus.,* 106 B.R. at 631. For us to rule on this issue, we would be required to revisit the evidence before the bankruptcy court at the hearing on the claims objection to determine if the bankruptcy court's findings and conclusions in regard to the May 11, 1992 judgment were erroneous based on the evidence or lack of evidence before it. We decline to consider this issue.

### C. Did the bankruptcy court properly deny the motion to vacate?

■ A motion to vacate under Fed. R.Civ.P. 60(b) must be made in a "reasonable time," Fed.R.Bankr.P. 9024/Fed.R.Civ.P. 60(b), but if a judgment is void, a motion to set it aside may be brought at any time. *Center Wholesale, Inc.,* 759 F.2d at 1448. In this case, we have held and affirmed the bankruptcy court's conclusion of law that the judgment was not void. Therefore, the United States was required to file its motion in a reasonable time.

■ "What constitutes a reasonable time 'depends on the facts of each case.'" *In re Pacific Far East Lines, Inc.,* 889 F.2d 242, 249 (9th Cir.1989) (quoting *United States v. Holtzman,* 762 F.2d 720, 725 (9th Cir.1985)).

■ Major considerations here are whether Debtors were prejudiced by the delay and whether the United States had good reason for failing to take action sooner. *Id.* The bankruptcy court found that the United States presented no reason for its delay, and that the delay was prejudicial to Debtors' case, which had been pending since 1985. The record supports these findings by the bankruptcy court. The bankruptcy court did not abuse its discretion in denying the motion to vacate on the basis of unreasonable delay.[10]

In addition, the bankruptcy court did not err by concluding that there were no grounds

---

10. To the extent that the United States' claim regarding improper default judgment under Fed. R.Civ.P. 55(e) could be considered a motion to vacate pursuant to the "catch-all" provision of Fed.R.Civ.P. 60(b)(6), it would also be properly denied on the grounds of unreasonable delay.

to vacate its May 11, 1992 order pursuant to Fed.R.Civ.P. 60(b)(4), because the judgment was not void.

## CONCLUSION

The United States subjected itself to the bankruptcy court's jurisdiction for purposes of allowance or disallowance of its proofs of claim. Debtors' service of the objection and notice of hearing on the objection complied with the provisions of Fed.R.Civ.P. 7004, made applicable by Fed.R.Civ.P. 9014 in this contested matter, and the notice was consistent with procedural due process. Therefore, there were no grounds for vacating the bankruptcy court's May 11, 1992 order for voidness under Fed.R.Bankr.P. 9024/ Fed.R.Civ.P. 60(b)(4). The bankruptcy court's findings that the United States' motion was unreasonably delayed were not clearly erroneous. The bankruptcy court did not abuse its discretion by denying the United States' motion to vacate its order disallowing the IRS proofs of claim. Its order of October 22, 1993 is **AFFIRMED.**