**UNITED STATES of America,**
**Appellant,**

v.

**Ismael CASTRO, Jr., Appellee.**

**No. CIV–98–2306–PHX–ROS.**
**Bankruptcy No. 96–00139–YUM–RTB.**

United States District Court,
D. Arizona,
Phoenix Division.

July 6, 1999.

Robert P McIntosh, United States Department of Justice, Trial Attorney, Tax Division, Washington, D.C., for United States of America, on behalf of the IRS.

John A Weil, Weil & Nelson, Yuma, AZ, for Ismael Castro, Jr.

## ORDER

SILVER, District Judge.

Pending before the Court is an appeal from the bankruptcy court's order denying the Appellant's Motion to Set Aside Order Determining Tax Liability.

### Factual Background

On February 16, 1996, Appellee filed for Chapter 7 bankruptcy. On or about August 6, 1996 the Internal Revenue Service ("IRS") filed a proof of claim, listing outstanding tax liability. On November 6, 1996, Appellee filed a Motion for Determi-

nation of Tax Liability with the bankruptcy court. Appellee does not contend that he sent a copy of this motion to Appellant, but asserts that copies of the Notice of Hearing on Motion for Determination of Tax Liability were mailed to Robert A. Johnson, Special Assistant United States Attorney; the Attorney General of the United States, Department of Justice Tax Division; and Janet Napolitano, United States Attorney for the District of Arizona (hereafter "Designated Parties") in accordance with Bankruptcy Rule 7004(b)(4). Appellee supports his assertion with an affidavit from Lori S.E. Palmer, secretary to Appellee's counsel, stating that she mailed the Notice of Hearing on November 6, 1996 to the Designated Parties. (Cert. of Serv., attached to Resp. Brief of Appellee as App. D.) Appellant claims that none of the three Designated Parties received the Notice of Hearing, and supports this claim with declarations from Terry Strauss, Richard Patrick, and Robert A. Johnson, employees of the Tax Division of the United States Department of Justice, The United States Attorney's Office for the District of Arizona, and the Internal Revenue Service, respectively. (Dec. Of Strauss, Patrick, and Johnson, attached to Notice of Filing Copies of Record on Appeal as Ex. 9, 10, 11.) These declarations set forth the procedures for receipt and processing of mail and state that there is no record of receipt of the notice or commencement of any standard office procedure which would typically accompany such a receipt.

The bankruptcy court held a hearing on Appellee's Motion to Determine Tax Liability on January 24, 1997. The IRS did not appear at the hearing or file an objection to the motion. Noting the absence of any objection from the IRS, the bankruptcy judge entered an Order discharging all tax liabilities contained in the Proof of Claim filed by the IRS on August 6, 1996. On December 5, 1997, the IRS attached Appellee's salary. On December 18, 1997, Appellee filed a motion for sanctions against the IRS for willful violation of the

discharge order. Appellant asserts that it received no notice of the bankruptcy court's Order discharging Appellee's tax liabilities until this motion for sanctions was filed. On December 18, 1997, the IRS released the levy and Appellee dropped the sanction request.

On October 9, 1998, Appellant filed a motion to set aside the January 24, 1997, Order discharging Appellee's tax liability pursuant to Fed.R.Civ.P. 60. This motion was set for hearing on November 13, 1998, and later continued to December 18, 1998. On November 2, 1998, Appellant also filed a motion to re-open the case, which was granted on November 6, 1998. At the December 18, 1998 hearing, the bankruptcy judge entered a minute entry denying the IRS Motion to Set Aside the Order Determining Tax Liability. On December 28, 1998, the IRS filed this appeal and elected to have the appeal heard in district court.

## Legal Analysis

### I. Legal Standard

■ According to Rule 60(b) of the Federal Rules of Civil Procedure, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void." A judgment is not void merely because it is erroneous. It is void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law. *In re Center Wholesale,* 759 F.2d 1440, 1448 (9th Cir. 1985). If a judgment is void, "relief is not a discretionary matter; it is mandatory." *Orner v. Shalala,* 30 F.3d 1307, 1310 (10th Cir.1994); *see also, V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224 (10th Cir.1979); *see also Venable v. Haislip,* 721 F.2d 297, 299–300 (10th Cir.1983). There is no time limit on a motion to vacate a judgment on the ground that the order is void. *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987); *In re Center* at 1448; *see*

*also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2862 (2nd ed.1995).

## II. Due Process

Courts have voided bankruptcy court orders on the grounds that they violate due process. *In re Center*, 759 F.2d 1440; *In re Wheeler Technology, Inc.*, 139 B.R. 235 (9th Cir. BAP 1991); *In re Levoy*, 182 B.R. 827 (9th Cir. BAP 1995). The Supreme Court set forth the standard for notice which complies with the due process clause in *Mullane v. Central Hanover Bank and Trust Company*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). They acknowledged the vagueness of the due process clause, but stated, "there can be no doubt that at a minimum [it] require[s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id.* at 313, 70 S.Ct. 652. They have also stated that "[t]he fundamental requisite of due process of law is the opportunity to be heard." *Id.* at 314, 70 S.Ct. 652. This notice requirement demands more than simply that the parties are aware of the litigation. "The purpose of notice under the Due Process Clause is to appraise the affected individual of, and permit adequate preparation for, an impending 'hearing'." *Memphis Light, Gas And Water Division v. Craft*, 436 U.S. 1, 14, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978).

In the instant case, the due process determination largely turns on whether Appellant received the Notice of Hearing which Appellee claims to have mailed to the Designated Parties. As Appellee notes, mail that is properly addressed, stamped, and deposited in an appropriate receptacle creates a rebuttable presumption of its receipt. *In re Bucknum*, 951 F.2d 204, 206–207 (9th Cir.1991); *In re De la Cruz*, 176 B.R. 19 (9th Cir. BAP 1994). This presumption can only be overcome by clear and convincing evidence to the contrary. *In re Bucknum* at 207; *In re Levoy*, 182 B.R. at 834–835. In the Ninth

Circuit, a declaration that the designated party did not receive the mailed notice is, in itself, insufficient to rebut the presumption of receipt. In order for the presumption to be rebutted, "something more than a mere declaration of a creditor alleging non-receipt is required." *In re De la Cruz*, 176 B.R. at 22; *In re Carter*, 511 F.2d 1203 (9th Cir.1975). (concluding that the mailing presumption was rebutted when the notice sent by certified mail was returned unclaimed). In the instant case, however, Appellant does not merely state that one of the Designated Parties failed to receive the Notice of Hearing. Rather, Appellant offers proof that all three Designated Parties, all with separate addresses, failed to receive the notice. None of the Designated Parties appeared at the discharge hearing on January 24, 1997, presented any written objections to the bankruptcy court, or gave any other indication that it received the notice. It is reasonable to assume that if the Designated Parties had received the notice, they would at least have inquired into the status of Appellee's efforts to discharge his tax liability. As Johnson of the IRS averred, "[a]lthough the Certificate of Service states that only the Notice of Hearing was mailed, and not the Motion for Determination of Tax Liability, I still would have inquired with opposing counsel to obtain a copy of the motion...." (Dec. of Johnson at ¶ 7, attached to Notice of Filing Copies of Record on Appeal as Ex. 11.) The Court finds that Appellant has satisfied its burden of offering clear and convincing evidence that the Notice of Hearing never reached the Designated Parties. *See In re Ricketts*, 80 B.R. 495 (9th Cir. BAP 1987) (Jones, J. concurring) (suggesting that "[p]roof that none of the listed creditors received notice" would overcome the presumption of receipt).

In arguing otherwise, Appellee relies primarily on *In re Levoy*, in which the Bankruptcy Appellate Panel ("BAP") for the Ninth Circuit rejected an argument that the bankruptcy court's order was void

on due process grounds due to allegedly defective service. 182 B.R. at 833. In that case, the debtor filed a notice of his objection to the creditor's claims and mailed it to the designated parties but neglected to include a street address and zip .code on the documents served on the Attorney General of the United States. *Id.* at 834. In concluding that the mail presumption had not been rebutted, the court noted that the document in question had not been returned to the sender as undeliverable. The court also noted that one of the designated parties had faxed a copy of the objection to another designated party. *Id.* The court found that this fax created an inference that at least one party had received a copy of the objection, thereby establishing the notice required under the due process clause. *Id.* at 835.

The BAP's conclusion in *In re Levoy* is distinguishable for several reasons. First, in that case, while the government alleged that neither the United States Attorney nor the Attorney General received the debtor's objection, it only offered admissable evidence that one party failed to receive the objection. *In re Levoy* at 835. Moreover, in that case, the bankruptcy judge had made an explicit finding that the designated recipients had received the mailing in question, or at least notice of it in the form of a fax. Thus, the BAP reviewed the bankruptcy court's findings for clear error. In the instant case, the

bankruptcy judge made no such explicit finding; Appellant's motion to set aside the January 24, 1997 Order was denied by a minute entry citing no basis for the decision.[1]

Because the bankruptcy judge made no finding of fact on this issue, the determination is left to this Court. As the BAP noted in *In re Levoy,* "[w]here it is one party's word against the other's, the trier of fact makes the call." 182 B.R. at 835. For the reasons stated above, the Court finds that Appellant was never properly notified regarding the hearing or Appellee's pending motion to discharge his tax liability. Therefore, the January 24, 1997 Order is void as violative of due process.[2] *In re Wheeler,* 139 B.R. 235, 241.

Accordingly,

**IT IS ORDERED** that this case is remanded to the bankruptcy court with instructions to set aside the Order discharging Appellee's tax liability.

**IT IS FURTHER ORDERED** that Appellant's Motion to Strike Appellee's Statement of Issues on Appeal [Dkt. # 5] is denied.

---

1. In his January 24, 1997 Order, the bankruptcy judge wrote that "[a] copy of the Motion for Determination of Tax Liability and the Notice of Hearing on Motion for Determination on Tax Liability were served on November 6, 1996 by first-class mail" on the Designated Parties. However, this finding was made before Appellant had an opportunity to respond to the allegation that the Notice was properly mailed. Accordingly, the finding does not constitute a determination made upon consideration of evidence submitted by both parties. Moreover, the bankruptcy judge appears to have been in error with respect to his conclusion that the Motion for Determination of Tax Liability was properly served on Appellant because even Appellee asserts only that the Notice of Hearing, rather than the Motion itself, was mailed.

2. Because the Court finds that Appellant never received notice of the hearing, it need not reach Appellant's additional arguments that the notice provided by the Notice of Hearing was insufficient to initiate an adversary proceeding or that the bankruptcy court lacked personal jurisdiction over Appellant. The Court also need not reach Appellant's claim, asserted in its Motion to Strike Appellee's Statement of .Issues on Appeal, that Appellee improperly filed a statement of issues to be included on appeal. For the purposes of this Order, the Court assumed that the Appellant's designation of issues on appeal was appropriate. Accordingly, Appellant's Motion to Strike is moot.