In re: Modesto BOTELLO, Debtor,

K. Sean Singh, Appellant,

v.

United States Trustee, Appellee.

No. 03–15733.
BAP No. EC–02–01310–BMoR.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 20, 2004.

K. Sean Singh, Orange, CA, for Appellant.

Peter Carroll, Alicia M. Leonhard, Fresno, CA, Paul William Brindenhagen, Washington, DC, for Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

K. Sean Singh, proceeding *pro se*, appeals a decision of the Bankruptcy Appellate Panel (the "BAP") for the Ninth Circuit, which affirmed a bankruptcy court's ruling refusing to set aside an order of sanctions. We have jurisdiction pursuant 28 U.S.C. § 58(d). We affirm.

We review a decision of the BAP *de novo*, applying the same standard of review as did the BAP to the underlying bankruptcy court judgment. *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1185 (9th Cir.1996). A court's denial of a motion under Federal Rule of Civil Procedure 60(b) is reviewed for an abuse of discretion. *Briney v. Burley (In re Burley)*, 738 F.2d 981, 988 (9th Cir.1984).

In his Rule 60(b) motion to set aside an order of sanctions, Singh argued that, because notice was improperly mailed to his Bakersfield office rather than his Orange County office, he did not receive actual notice of the order-to-show-cause hearing. The trustee, however, properly served Singh at his Bakersfield office. Constitutional due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Service that complies with Federal Rule of Bankruptcy Procedure 7004(b) satisfies this requirement. *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 833 (9th Cir. BAP1995). Because Singh regularly conducts a business in Bakersfield, the trustee

properly served Singh at that office. *See* Rule 7004(b).

Singh's claim that he never received actual notice also fails. Service by mail is complete upon mailing. Fed. R. Bankr.P. 7005; Fed.R.Civ.P. 5(b). The United States Trustee's timely and proper service raised a rebuttable presumption that Singh received the notice. *See Lewis v. United States*, 144 F.3d 1220, 1222 (9th Cir.1998). Singh's allegation of non-receipt, by itself, does not rebut this presumption. *See Osborn v. Ricketts (In re Ricketts)*, 80 B.R. 495, 497 (9th Cir.BAP1987). The bankruptcy court also concluded that Singh's and Bauer's testimony lacked credibility. *See* Fed. R. Bankr.P. 8013 (requiring that courts give due regard "to the opportunity of the bankruptcy court to judge the credibility of the witnesses").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.