MEMORANDUM **
*938 James A. Ashpole appeals pro se the Bankruptcy Appellate Panel’s (“BAP”) order affirming the bankruptcy court’s denial of his motions pursuant to Fed.R.Civ.P. 60(b)(4) and (6) to set aside default judgments. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo decisions of the BAP, and we review the bankruptcy court’s conclusions of law de novo and its findings of fact for clear error. Hanf v. Summers (In re Summers), 332 F.3d 1240, 1242 (9th Cir.2003). We affirm.
The bankruptcy court did not clearly err in concluding that the Bankruptcy Trustee served his complaint and summons at Ash-pole’s “dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.” Fed. R. Bankr.P. 7004(b)(1). Ashpole failed to present evidence sufficient to rebut the presumption of receipt. See Moody v. Bucknum (In re Bucknum), 951 F.2d 204, 206-07 (9th Cir.1991) (per curiam) (holding that an affidavit simply stating notice was not received will not defeat the presumption that notice properly addressed and mailed was received). To the extent Ashpole contends his constitutional rights were violated, that contention fails because service in accordance with Fed. R. Bankr.P. 7004(b)(1) satisfies due process. See United States v. Levoy (In re Levoy), 182 B.R. 827, 833 (9th Cir.BAP1995).
We do not consider Ashpole’s contentions regarding personal jurisdiction because he waived any objections to the bankruptcy court’s jurisdiction by failing to raise the issue in his Rule 60(b) motions to set aside the default judgments. See American Ass’n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1106-08 (9th Cir.2000).
All pending motions are denied.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.