**In re Howard Allen SCOTT and Gayle Ann Scott, Debtors.**

**Howard Allen Scott; Gayle Ann Scott, Appellants,**

**v.**

**United States, Appellee.**

**BAP No. NV–09–1273–DHPa.**

**Bankruptcy No. 09–16141–BAM.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on June 16, 2010 at Reno, Nevada.

Decided June 21, 2010.

Howard Allen Scott and Gayle Scott, Road, Las Vegas, NV, pro se.

Virginia Cronan Lowe, Attorney for United States, U.S. Department of Justice, Tax Division, Washington, DC, for Appellee.

Before: DUNN, HOLLOWELL and PAPPAS, Bankruptcy Judges.

## OPINION

DUNN, Bankruptcy Judge.

Pro se debtors, Howard and Gayle Scott, appeal the bankruptcy court's order denying their motion for an order requiring the Internal Revenue Service ("IRS") to remove its tax liens from their residence and to refund alleged overpayments of income taxes. The United States contends that the bankruptcy court did not have jurisdiction to rule on the motion because the debtors did not properly serve the motion on the United States pursuant to Rule 7004(b)(5).[1]

Based on our review of the record, the debtors failed to serve the United States properly. The bankruptcy court therefore lacked jurisdiction to determine the merits of the motion. We VACATE the bankruptcy court's order and REMAND for further proceedings.

## FACTS

The debtors filed their chapter 7 petition on April 22, 2009. They listed on their Schedule E three tax liens totaling approximately $19,651,[2] all of which were held by the IRS.

On April 28, 2009, the debtors filed a "Motion for Judicial Abatement of Tax Refunds" ("motion") requesting that the bankruptcy court order the IRS to remove the tax liens from their residence and to refund alleged overpayments of income taxes.

---

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

2. The debtors attached to the motion copies of the notices of federal tax liens ("tax lien no-

tices"). According to the tax lien notices, the debtors owed a total of $7,533.46 in federal income taxes for years 1999 and 2000, a total of $10,618.51 in federal income taxes for years 2001 and 2002, a $500 penalty for year 2003, and $1,000 in penalties for years 2004 and 2005.

The debtors contended that the IRS could not place tax liens against their residence because they were not liable to pay income taxes, as they had no taxable income. The debtors reported $0 income on their federal income tax returns for years 1999 through 2003 because their earnings allegedly did not qualify as income as defined by the Supreme Court in *Merchants' Loan & Trust Co. v. Smietanka*, 255 U.S. 509, 41 S.Ct. 386, 65 L.Ed. 751 (1921).

The debtors further claimed that they were not liable to pay income taxes on the basis that nothing in the Internal Revenue Code ("I.R.C.") specifically states that an individual's wages or earnings are taxable.

The debtors also contended that they "overpaid" the IRS $19,598.85 in income taxes.[3] The debtors asserted that income taxes could not be owed until the IRS made an assessment and demanded payment. Because the IRS did not make an assessment and demand payment of the income taxes from the debtors, the debtors argue that they did not owe income taxes. The debtors nonetheless paid a total of $19,598.85 in income taxes through withholdings of their wages in the years 1999 to 2003. They further maintained that the amounts withheld were an "unapportioned, direct tax" in violation of the Constitution. The debtors therefore argued that, be-cause they paid the taxes before they owed them, the IRS immediately should refund the amounts paid so that the debtors could use the funds to pay their creditors.

The hearing on the motion originally was set for June 2, 2009. The debtors mailed a copy of the motion to the IRS, addressed as follows: Internal Revenue Service, Fresno, CA 93888–0001.

The bankruptcy court subsequently entered an order continuing the hearing to July 14, 2009 ("continuance order"). The bankruptcy court determined that the debtors did not properly serve the motion on the IRS, so it continued the hearing to allow the debtors time to effect proper service. On the same day as the entry of the continuance order, the debtors mailed a copy of the motion to the IRS at the following address: P.O. Box 21126, DPN 781, Philadelphia, PA 19114.

The IRS neither responded to the motion nor appeared at the hearing. At the hearing, the bankruptcy court denied the motion, informing the debtors that their contentions ran contrary to established Ninth Circuit authority. The bankruptcy court entered its order denying the motion on August 5, 2009. The debtors timely appealed.[4]

---

3. The debtors apparently calculated the amount of the alleged overpayments using the amounts of federal income taxes withheld from their wages in the years 1999 to 2003, as shown in their federal income tax returns.

4. The debtors filed their notice of appeal on August 21, 2009, beyond the ten-day time period provided at that time under Rule 8002(a). The clerk of the BAP issued a notice of deficient appeal on August 28, 2009. In their response filed September 29, 2009, the debtors explained that they tried to file their notice of appeal on July 24, 2009, but a clerk at the bankruptcy court informed the debtors that they could not file their notice of appeal until after the bankruptcy court entered the order to which it related. The BAP issued an order of limited remand ("remand order") to allow the bankruptcy court to determine whether it announced its decision at the July 14, 2009 hearing or at any time before July 24, 2009.

On November 12, 2009, the bankruptcy court issued findings of fact pursuant to the BAP's remand order, determining that it announced its ruling at the July 14, 2009 hearing, and that the debtors indeed tried to file their notice of appeal on July 24, 2009.

On December 30, 2009, the BAP issued an order deeming that the debtors timely filed their notice of appeal on July 24, 2009.

## ISSUE

Did the bankruptcy court have jurisdiction to rule on the motion?

## STANDARD OF REVIEW

■ We review de novo questions of jurisdiction. *Piombo Corp. v. Castlerock Props. (In re Castlerock Props.),* 781 F.2d 159, 161 (9th Cir.1986).

## JURISDICTION

■ The United States claims that the bankruptcy court lacked jurisdiction to decide the merits of the motion because the debtors did not properly serve the motion on the United States. Based on the record before us, we agree.

■ A bankruptcy court lacks jurisdiction over a defendant if the defendant was not served properly under Rule 7004.[5] *See United States v. Levoy (In re Levoy),* 182 B.R. 827, 832 (9th Cir.BAP 1995); *Harlow v. Palouse Producers, Inc. (In re Harlow Props., Inc.),* 56 B.R. 794, 799 (9th Cir. BAP 1985); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs.,*

*Inc.,* 840 F.2d 685, 688 (9th Cir.1988) (applying Fed.R.Civ.P. 4). Rule 7004 applies in contested matters.[6] *See* Rule 9014(b).

Rule 7004(b)(5) governs service of a motion on an agency of the United States. Under Rule 7004(b)(5), the movant must serve the motion by mailing it addressed to: (1) the civil process clerk at the office of the U.S. attorney for the district in which the action is brought; (2) the U.S. Attorney General in Washington, D.C.; and (3) the agency.

As required under the continuance order, the debtors reserved the motion on the IRS at P.O. Box 21126, DPN 781, Philadelphia, PA 19114, the address designated by the IRS under Rule 5003(e).[7] The debtors did not serve the motion on the U.S. attorney for the District of Nevada or on the U.S. Attorney General. Because the debtors did not effect proper service on the United States under Rule 7004(b)(5), the bankruptcy court did not have jurisdiction to decide the motion.

■ Moreover, the IRS is not the real party in interest to the motion.[8] "It is a

---

**5.** Rule 7004 adopts in large part the procedural requirements for service of process set forth in Rule 4 of the Federal Rules of Civil Procedure. 10 *Collier on Bankruptcy* ¶ 7004.01 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009).

**6.** Where there is an actual dispute, other than an adversary proceeding, the litigation to resolve that dispute constitutes a contested matter. *See* 1983 Advisory Committee Note to Rule 9014. As the United States correctly points out, the debtors' motion is a contested matter within the meaning of Rule 9014(a).

**7.** Rule 5003(e) provides that an agency of the United States, such as the IRS, may file a statement designating its mailing address for service of requests under § 505(b). Rule 5003(e) further provides that the clerk of the bankruptcy court must keep a register that lists such mailing addresses. The debtors mailed the motion to the IRS at the same address listed on the register maintained by

the clerk of the United States Bankruptcy Court for the District of Nevada.

A leading commentator on bankruptcy notes that sending notice to governmental entities should not be confused with proper service of process, however. 9 *Collier on Bankruptcy* ¶ 5003.06[1] (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009). The commentator points out that Rule 5003(e) "specifically references 'notice' and does not mention service." *Id.* It stresses that Federal Rule of Civil Procedure 4(i), made applicable to bankruptcy proceedings by Rule 7004, governs service of process on a United States agency. *Id.*

**8.** The IRS did not file a proof of claim in the debtors' case. Had it done so, the bankruptcy court would have had jurisdiction over the IRS. "A creditor who offers proof of his claim, and demands its allowance, subjects himself to the dominion of the court, and must abide the consequences." *Levoy,* 182

well-settled principle that the IRS cannot be sued and that the proper party in actions involving federal taxes is the United States of America." *Levoy*, 182 B.R. at 832 (citing *Blackmar v. Guerre*, 342 U.S. 512, 514, 72 S.Ct. 410, 96 L.Ed. 534 (1952)). The debtors thus not only failed to serve the United States correctly under Rule 7004(b)(5), but they also failed to name the proper party to the motion. Because the IRS was not the proper party for the debtors to litigate the motion against, the bankruptcy court lacked jurisdiction to determine the merits of the motion.

## CONCLUSION

The bankruptcy court did not have jurisdiction to determine the merits of the motion because the debtors did not serve the United States properly under Rule 7004(b)(5). We therefore VACATE the bankruptcy court's order and REMAND for further proceedings.

B.R. at 832 (quotation marks and citation omitted).