**HEWLETT–PACKARD PUERTO RICO, Plaintiff,**

v.

**THOMAS INDUSTRIES, INC., Defendant.**

No. 95–1053 (HL).

United States District Court, D. Puerto Rico.

July 9, 1997.

Ramon Coto–Ojeda, McConnell Valdes, San Juan, PR, for Hewlett–Packard Puerto Rico.

Roberto L. Prats–Palerm, Goldman, Antonetti & Cordova, San Juan, PR, for Thomas Industries, Inc.

## ORDER

LAFFITTE, District Judge.

Pursuant to Rule 60(b), Defendant Thomas Industries, Inc. ("Thomas") moves to vacate the Court's October 26, 1995 Order entering a judgment by default. Dkt. No. 9. First, Thomas argues that its failure to plead and respond to any of Plaintiff Hewlett–Packard Puerto Rico's ("Hewlett–Packard") motions was due to the confusion generated by the relocation of its offices in May, June, and July of 1995 and, therefore, constitutes "excusable neglect." Fed.R.Civ.P. 60(b)(1). Second, Thomas argues that the judgment is void because Hewlett–Packard never notified it of the motion for a judgment by default. Fed.R.Civ.P. 60(b)(4). Finally, Thomas asserts that it has a meritorious defense which constitutes another unlisted Rule 60 reason for vacating the judgment. Fed.R.Civ.P. 60(b)(6). Hewlett–Packard opposes Thomas' motion. The Court shall consider Thomas' three arguments for vacating the judgment seriatim.

Thomas blames its failure to plead or respond to any of Hewlett–Packard's motions on the confusion created by the relocation of its offices from New Haven, Connecticut to Guilford, Connecticut. Thomas makes this argument in the hopes that its conduct would constitute "excusable neglect." As a result of the Supreme Court's decision in *Pioneer Investment Services, Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 394–95, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993), a finding of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the par-

ty's omission." It involves a balancing of the following factors: (1) the danger of prejudice to the prevailing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay including whether the neglect was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.; see also Pratt v. Philbrook,* 109 F.3d 18, 22 (1st Cir.1997) (explaining the Supreme Court's balancing test in *Pioneer*).

In *Pioneer,* the Supreme Court found that the bankruptcy court abused its discretion when it declined to find that there was "excusable neglect" for the creditor's failure to file a proof of claim within the bankruptcy's court's deadline. *Pioneer,* 507 U.S. at 399, 113 S.Ct. at 1500. Its decision was based on the good faith of the creditor and the lack of evidence of any prejudice or disruption in the administration of justice as a result of permitting the creditor to file a belated proof of claim. The Court emphasized that "were there any evidence of prejudice to petitioner or to judicial administration in this case, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to be excusable." *Id.* Notably, the Court gave "little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date." *Id.* at 398, 113 S.Ct. at 1499. It concluded that the parties must be held accountable for their counsel's mistakes and/or negligence. The Court's decision turned on the fact that the failure to file a proof of claim was due to the unusual manner in which the creditors were notified about the deadline to file proofs of claim. *Id.* at 396–400, 113 S.Ct. at 1499–1500.

█ Thomas concedes that it was neglectful when it failed to answer the complaint or otherwise plead. The question, therefore, is whether the balance of factors favors excusing Thomas' neglect. After carefully reviewing the underlying circumstances of Thomas' neglect, the Court finds that none of the factors favor a decision to vacate the judgment by default.

First, vacating the judgment would be prejudicial to Hewlett–Packard. Hewlett–Packard has already executed the judgment with the assistance of the District Court of Connecticut and withdrawn $137,755.59 from Thomas' bank account in People's Bank. Should the Court vacate the judgment, Hewlett–Packard would have to return the funds and begin the process of litigating the 1993 dispute. Thomas waited 363 days after the judgment by default was entered before it moved to vacate the judgment. Undoubtedly, this delay has aggrandized the resulting prejudice to Hewlett–Packard.

Second, waiting until two days before the Rule 60(b)(1) deadline elapses to file a motion to vacate the judgment and disregarding Hewlett–Packard's repeated notices of the lawsuit constitutes a very long delay. Vacating the judgment would affect the finality of the Court's judgments and the efficient administration of justice. Already the Court's calendar is filled with criminal and civil trial dates until the end of 1998. Vacating the judgment in this 1995 case would require the Court to set a trial for the case in 1998. Although the Court has vacated judgments in other cases which has affected its calendar, the context in which the judgment by default was entered and the delay which occurred leads the Court to conclude that vacating the judgment would harm the efficient administration of justice.

Third, the Court is not persuaded by Thomas' explanation for the cause of the delay. The Court finds that Thomas willfully disregarded Hewlett–Packard's Lawsuit and that its neglect was within its control. Thomas was aware of Hewlett–Packard's complaint. It had multiple notices from Hewlett–Packard that the lawsuit existed and Hewlett–Packard planned to proceed with the case should Thomas fail to settle the matter out-of-court. On January 23, 1995, a Thomas representative signed a return receipt indicating that she received a copy of the complaint and a request to waive the service of summons. Dkt. No. 2 at Ex. A. In a February 16, 1995 letter to Hewlett–Packard's counsel at McConnell Valdes, the President of Thomas acknowledged that he received a copy of the complaint in Civil Action 95–1053 (HL) and denied any liability. Def.'s Mot., Dkt. No. 12 at Ex. F. In a March 21, 1995 letter addressed once again to Hewlett–

Packard's counsel, the President of Thomas acknowledged receiving the counsel's March 7, 1995 letter discussing the dispute and forewarning Thomas that Hewlett–Packard planned to pursue relief through its civil action if Thomas did not reach an out-of-court settlement. *Id.* at Ex. G & H.

Furthermore, on June 1, 1995, Sheriff Henry F. Healy, Jr. served the President of Thomas personally with a summons and a copy of the complaint at Thomas' former address. Thomas never informed Hewlett–Packard or its counsel that Thomas was relocating. For a defendant well-aware of the lawsuit and interested in defending against the action, the change of location would be a vital piece of information to pass on to both the Court and the plaintiff. Thomas did neither. Thomas also failed to react to Hewlett–Packard's motion requesting the entry of Thomas' default which Hewlett–Packard sent to Thomas at its former address. Dkt. No. 7. Finally, Thomas failed to react to Hewlett–Packard's motion requesting the entry of a judgment by default and its motion for costs. Dkt. Nos. 8 & 10. Despite Thomas' contentions otherwise, both motions were mailed to Thomas at its former address.

Thomas complains that it lost touch with the lawsuit in the midst of its relocation in May, June, and July of 1995. Thomas, however, received two copies of the complaint. Once through the mail when Thomas refused to waive the service of process and a second time when Sheriff Healy served the President of Thomas personally. Thomas' letters to Hewlett–Packard's counsel in Puerto Rico demonstrates clearly that it was aware of the suit. Yet, Thomas never appears to have hired counsel in Puerto Rico and preferred to remain silent in a new Connecticut location while the proceedings continued in this Court. "Unlike the Emperor Nero, litigants cannot fiddle as Rome burns. A party who sits in silence ... [and] withholds potentially relevant information ... does so at its own peril." *Vasapolli v. Rostoff,* 39 F.3d 27, 36 (1st Cir.1994). Thomas' silence in the face of multiple notices of the lawsuit indicates that its intentions to disregard the suit were willful and within its control.

Finally, the surrounding circumstances of Thomas' failure to defend itself demonstrates clearly that it did not act in good faith. The Court does not find that Thomas' rationale fully explains its failure to appear. Even if Thomas lost the copy of the complaint which Sheriff Healy served on June 1, 1995, Thomas received an additional, earlier copy of the complaint in January 1995 when Thomas was not in the middle of moving. Hewlett–Packard's motions for default, judgment by default, and costs should have been forwarded to Thomas' new address if Thomas was acting diligently. Thomas can not explain why it did not react to these notices of the proceedings in the civil action. Thomas' repeated failures to defend itself and Thomas' inability to explain its silence demonstrates its lack of good faith. *See, e.g., McKinnon v. Kwong Wah Restaurant,* 83 F.3d 498, 504 (1st Cir.1996) (upholding district court's decision that defendants' failure to appear was willful, lacked good faith, and indicated that they hoped it "would all go away").

 Having found that Thomas can not rely on "excusable neglect" to vacate the judgment, the Court now turns to Thomas' Rule 60(b)(4) and Rule 60(b)(6) explanations. Both arguments can be easily dismissed. Thomas' Rule 60(b)(4) motion is based entirely upon the assertion that Hewlett–Packard never notified it of the motion for a judgment by default. Apparently, Thomas has failed to review the Record carefully. In accordance with Federal Rule of Civil Procedure 5(d) and Local Rule 311.3, Hewlett–Packard's attorney certified that it mailed the motion for a default judgment "by first class mail postage prepaid" to Thomas' former address. Dkt. No. 8 at 2. Thomas' contention, therefore, lacks any basis in fact. Thomas' Rule 60(b)(6) motion must be denied, on the other hand, because it lacks any basis in law. As the Supreme Court in *Pioneer* explained, a Rule 60(b)(6) motion and a Rule 60(b)(1) motion are mutually exclusive. "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer,* 507 U.S. at 393, 113 S.Ct. at 1497. Because Thomas concedes it was not faultless in the delay and the Court found that

Thomas' default was willful, Rule 60(b)(6) is inapplicable to Thomas' default judgment.

The Court, therefore, hereby **denies** Thomas' motion to vacate the default judgment.

**IT IS SO ORDERED.**