In re: Shirley A. HENSLEY, Debtor.

No. 98–22556.

United States Bankruptcy Court,
D. Kansas.

March 20, 2006.

**70**

G. Ronald Bates, Jr., Leavenworth, KS, Robert D. Berger, Andrew D. Hennier, Lentz & Clark, P.A., Overland Park, KS, for Shirley Annette Hensley, Debtor.

Melanie D. Caro, Office of United States Attorney, Kansas City, MO, Christina L. Medeiros, Kansas City, MO, for Department of Education, Creditor.

Steven L. Crouch, South & Associates, P.C., Overland Park, for Fisrt Union Mortgage Corp., Homeside Lending, Inc., Creditors.

## MEMORANDUM AND ORDER DENYING THE MOTION OF THE UNITED STATES DEPARTMENT OF EDUCATION TO SET ASIDE THE COURT'S ORDER GRANTING DEBTOR'S OBJECTION TO CLAIM

DALE L. SOMERS, Bankruptcy Judge.

On February 17, 2006, came on for oral argument the motion of the United States Department of Education to set aside the Court's order filed October 23, 2000 (hereafter Order), granting the Debtor's objection to the Department of Education's proof of claim. The Department of Education (hereafter also referred to as Department) appeared by Christina L. Medeiros, Assistant United States Attorney. Debtor, Shirley A. Hensley, appeared by Andrew D. Hennier, Lentz & Clark, P.A. There were no other appearances. The Court has jurisdiction.[1]

### FACTS.

This case was commenced by the filing of a voluntary petition under Chapter 13 on September 2, 1998.[2] The Debtor's initial matrix included one address for the Department of Education, the National Payment Center, P.O. Box 4169, Greenville, Texas. On November 22, 1999, the Department of Education filed a proof of

1. Allowance or disallowance of claims are core proceedings. 28 U.S.C.A. § 157(b)(2)(B). This Court has jurisdiction pursuant to 28 U.S.C.A. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. There is no objection to venue.

2. Debtor's counsel was G. Ronald Bates, Jr. This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C.A. §§ 101—1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr.P. (2004), unless otherwise specified.

claim of $3,537.06, which classified the claim as unsecured. The proof of claim box labeled "Name and Address Where Notices Should be Sent" stated:

NOTICES: PO Box 1920

St. Paul, MN 55101–0920

PAYMENTS: National Payment Center

PO Box 4169

Greenville, TX 75403

The Debtor filed an objection on July 19, 2000,[3] alleging that she had never applied for a student loan and that the loan on the books of the Department of Education in her name was fraudulent. Debtor filed a notice of hearing on the objection for August 15, 2000.[4]

The notice of hearing with the objection to the claim was served by United States mail postage prepaid addressed to the Department of Education, P O Box 1920, St. Paul, Minn, the notice address stated on the Proof of Claim. The Department admits that it received the mailing sent to St. Paul. Correspondence from the U.S. Attorney to Debtor's counsel states, "Although she [Debtor] did mail the Notice [of the hearing on the objection] to the U.S. Department of Education in St. Paul Minnesota, who in turn sent it to San Francisco office, the Notice was not received until 10/25/00 . . . ." No response to the objection was filed, and the Department did not appear at the hearing. The objection was therefore sustained by Judge Flannagan on August 15, 2000.[5] The Order was filed October 23, 2000. It recites, the "Court finds that notice has been given to all

required parties; that no responses been filed; and that the creditor has not appeared today; and that, therefore, the *Objection* is hereby granted." [6] The Order was mailed to the Department of Education at the two addresses shown on the proof of claim.[7]

Even though the Department acknowledges that it received notice of the hearing no later than October 25, 2000, two days after the entry of the Order, the Department did not file a motion to set aside the Order because of lack of notice before discharge was granted or while the case was still open. The Court entered its Order Discharging Debtor After Completion of Chapter 13 Plan on January 23, 2001.[8] A second order of discharge was entered on April 10, 2001, after the Trustee's final report.[9] The final decree was entered on the same date.[10]

Despite the order of discharge, the Department undertook collection of the debt by administrative withholding. On June 7, 2002, the Debtor, by her new attorney, Robert D. Berger filed a motion to reopen the case "to resolve an issue with regard to the discharge or viability of a Department of Education student loan debt." [11] The motion was continued to a pretrial on September 3, 2002, at which time Debtor's counsel was directed to prepare an order granting the motion.[12] No further action was taken until almost two years later, when on August 2, 2004, an order was filed reopening the case "in order to resolve an issue with regard to the discharge and

3. Doc. 49.

4. Doc. 50.

5. Doc. 51.

6. Doc. 57.

7. Doc. 58.

8. Doc. 62.

9. Doc. 67.

10. Doc. 66.

11. Doc. 69.

12. Doc. 75.

viability of a Department of Education student loan debt."[13] In January 2005, the U.S. Attorney filed a motion for a pretrial conference,[14] which was held on September 21, 2005, and resulted in an order giving the U.S. Attorney 60 days in which to file a motion to set aside the Order granting the objection to claim.[15]

On November 21, 2005, the Department filed a motion to set aside the Court's October 23, 2000, Order granting the Debtor's objection to the Department of Education's proof of claim, asserting that the Debtor did not properly serve the claim objection or the notice of hearing such that the Court's Order should be set aside as void for lack of due process.[16] The Debtor objected.[17] Both parties have filed memoranda in support of their position, and the Court has heard oral argument. It is therefore now ready to rule.

**POSITIONS OF THE PARTIES.**

The Department of Education asserts that the Order disallowing the claim should be set aside pursuant to Federal Rule 60(b)(4),[18] which allows a court to relieve a party from a final judgment if the judgment is void. It asserts the Order is void because the Court lacked jurisdiction of the parties due to a defect in notice and because the defective notice resulted in denial of due process. The notice mailed was only to the Department of Education and did not include the U.S. Attorney.

The Department alleges that pursuant to the Bankruptcy Rules, particularly Bankruptcy Rule 2002,[19] and Kansas Standing Order 99–2(b),[20] the objection to claim and notice should have been sent to the U.S. Attorney and to the Regional Director Region IX, Department of Education, Office of Postsecondary Education, 50 United Nations Plaza, San Francisco, CA 94102 and failure to make this service deprived the Department of Education of the opportunity to respond to the objection to claim or to appear at the hearing.

The Debtor responds that personal jurisdiction was present because the Department filed a proof of claim. She also asserts that the Department of Education had actual notice, and actual notice satisfies due process. Further, the Debtor asserts that the local rules do not usurp the Federal Rules of Civil Procedure or overturn United States Supreme Court decisions regarding the sufficiency of notice, which were satisfied even though the U.S. Attorney was not given notice. Debtor also argues that the Department's motion to set aside the order, filed over five years after entry of the order, was untimely.

**ANALYSIS.**

The Department of Education's motion to set aside the Order relies exclusively upon Rule 60(b)(4), which states:

13. Doc. 77. The delay in entry of the order was occasioned, at least in part, by the fact that the motion to reopen had been filed by Robert T. Berger, who became a bankruptcy judge in October 2003, necessitating the entry of new counsel for the Debtor. Notice to substitute counsel was filed on July 30, 2003. (Doc. 76).

14. Doc. 79.

15. Doc. 84.

16. Doc. 87.

17. Doc. 94.

18. Fed. Rule Civ. P. 60(b)(4). Future references to Fed.R.Civ.P. 60(b)(4) in the text shall be to Rule 60(b)(4).

19. Fed. Rule Bankr.P.2002. Future references to Fed. Rule Bankr.P. in the text shall be to the Bankruptcy Rule number only.

20. D. Kan. Bk. S.O. 99–2(b)(2000). Future references to D. Kan. Bk. S.O. 99–2(b)(2000) shall be to Standing Order.

(b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or other proceeding for the following reasons: ...

(4) the judgment is void; ... [21]

"[W]hen Rule 60(b)(4) is applicable, 'relief is not a discretionary matter; it is mandatory.'" [22] A judgment is not void because it is erroneous.[23] Rather, a judgment is void if the court entering it lacked jurisdiction over the subject matter or the parties or due process was not satisfied.[24] In this case, the Court clearly had subject matter jurisdiction,[25] so the issues are whether the Court had personal jurisdiction of the Department and whether due process was satisfied.

The Department's motion is premised upon failure to give notice to the Department in accord with Bankruptcy Rules and the Standing Order. The portion of Bankruptcy Rule 2002 relied upon by the Department provides:

(j) **Notices to the United States.** Copies of notices required to be mailed to all creditors under this rule shall be mailed ... (4) if the papers in a case disclose a debt to the United States other than for taxes, to the United States Attorney for the District in which the case is pending and to the department, agency, or instrumentality of the United States through which the debtor became indebted; ...

The Department also relies upon Rule 9014, which provides in relevant part:

(a) **Motion.** In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

(b) **Service.** The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R. Civ.P.

The Standing Order relied upon by the Department provides:

(a) **Departments, Agencies and Instrumentalities of the United States.** If a department, agency, or instrumentality of the United States is a creditor, the schedules and matrix must list that agency at the address provided by Standing Order of the court. Any notice or service given to an address listed in Standing Order will be in addition to any notice required by statute, rule or regulation.

(b) **United States Attorney's Office.** In all cases in which any department, agency or instrumentality of the United States is a creditor, the schedule of creditors and matrix must also list the United States Attorney's Office located in the division headquarters in which the petition for relief has been filed.

If one of the following departments, agencies or instrumentalities of the United States is a creditor, the schedule

---

21. Fed. Rule Civ. P. 60(b)(4).

22. *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir.1994), quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224, n. 8 (10th Cir.1979).

23. 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2862 (2d ed.1995).

24. *Id.; Orner v. Shalala*, 30 F.3d at 1310 (citing *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d at 224–25) (holding a judgment may be void for purposes of Rule 60(b)(4) if entered in a manner inconsistent with due process).

25. *See* note 1, above.

and matrix should list the agency at the address indicated herein:

\*    \*    \*    \*    \*    \*

2. DEPARTMENT OF EDUCATION (DOE)

(Debtor(s)' Social Security Number must be included.)

Regional Director Region IX

Department of Education

Office of Postsecondary Education

50   United Nations Plaza

San Francisco CA 94102

■   For the following reasons, the Court denies the Department's motion. First, the Court rejects the position of the Department of Education that the Order sustaining the objection to claim is void because the Court lacked personal jurisdiction over the Department. The contention is based upon the undisputed facts that the notice of the hearing on the objection to claim was not given to the U.S. Attorney or mailed directly to the Department's San Francisco regional headquarters. However, it is also undisputed that the Department filed a proof of claim. It has long been the law that "[a] creditor who offers proof of his claim, and demands its allowance, subjects himself to the dominion of the court, and must abide the consequences."[26] More recently, courts have held that personal jurisdiction over the IRS is established by the filing of a proof of claim.[27] The Court had jurisdiction over the Department of Education because the Department had filed a proof of claim, thereby submitting itself to the jurisdiction of the Court. The sole question is therefore whether the entry of the judgment violated due process.

■   "Generally, due process requires that all litigants be given notice and an opportunity to be heard."[28] Analysis of the notice requirement begins with the Supreme Court's decision in *Mullane v. Central Hanover Bank & Trust Co.*,[29] "which established the framework for evaluating the adequacy of notice for due process purposes."[30] It stated in part:

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must

26.  *Wiswall v. Campbell*, 93 U.S. 347, 351, 3 Otto 347, 23 L.Ed. 923 (1876).

27.  *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 832 (9th Cir.BAP1995) ("The United States' argument that allegedly defective service divested the court of jurisdiction over it is irrelevant, however, where the United States has submitted to the bankruptcy court's jurisdiction by filing its proofs of claim."); *In re Stokes*, 320 B.R. 821, 825 (Bankr.D.Md.2004) (rejecting IRS argument that Anti–Injunction Act precludes exercise of jurisdiction over claim to enjoin assessment of debtor's tax liability because jurisdiction was established by IRS filing of proof of claim); *In re Partial Hosp. Inst. of Am.*, 281 B.R. 728, 732 (Bankr.S.D.Ala.2001) (holding United States submitted itself to jurisdiction by filing claim, citing *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) and *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)). See *Tucker Plastics, Inc. v. Pay 'N Pak Stores, Inc. (In re PNP Holdings Corp.)*, 184 B.R. 805 (9th Cir. BAP 1995) aff'd 99 F.3d 910 (9th Cir.1996) (holding by filing proof of claim court acquired jurisdiction over a foreign corporation).

28.  *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 423 (7th Cir.1998).

29.  339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

30.  *United States v. One Toshiba Color Television*, 213 F.3d 147, 152 (3rd Cir.2000).

afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied. . . .

But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . . . [31]

■■■ An allegation of denial of due process lacks any basis in fact when the record reflects service in accord with the applicable rule.[32] But noncompliance with applicable rules does not as a matter of law constitute lack of due process. Failure to give notice of an objection to claim and hearing on the objection in accord with federal and local rules of bankruptcy may require a second hearing or other remedy, but in some circumstances the failure may be harmless and not require that the disallowance be set aside.[33] A judgment is not void if there is simply an issue of fact as to notice.[34]

■■■ Here, the Department of Education asserts that the judgment sustaining the Debtor's objection to its claim is void because the method of notice did not comply with the Bankruptcy Rules and the Standing Rule, which are quoted above. It is therefore necessary for the Court to begin its analysis by determining the appropriate procedures for giving notice when objecting to a proof of claim.

■■■ Pursuant to 11 U.S.C.A. § 502(a), a claim, proof of which is filed under § 501, is deemed allowed, unless a party in interest objects. Objections to claims are governed by Bankruptcy Rule 3007,[35] which provides:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. . . .

Several courts have held that mailing of an objection and notice of hearing in accord with Bankruptcy Rule 3007 to the creditor at the address stated in the proof of claim sufficient to satisfy due process.[36] Bankruptcy Rule 3007 is construed in conjunction with Official Form 10, the proof of claim form, which requires the claimant to provide a "name and address where no-

---

31. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. at 314–315, 70 S.Ct. 652(citations omitted).

32. *Hewlett–Packard Puerto Rico v. Thomas Indus., Inc.*, 174 F.R.D. 6, 8 (D.P.R.1997).

33. *Preblich v. Battley*, 181 F.3d 1048, 1051 (9th Cir.1999).

34. *Herman v. Miller*, 63 F.Supp.2d 918, 921 (C.D.Ill.1999).

35. Fed. R. Bankr.P. 3007.

36. *E.g., Jorgenson v. State Line Hotel, Inc. (In re State Line Hotel, Inc.)*, 323 B.R. 703, 711–713 (9th Cir.BAP2005) (holding service of a claim objection is governed by Rule 3007 and due process is not violated if sent to the address on the proof of claim); *In re Anderson*, 330 B.R. 180, 186–187 (Bankr. S.D.Tex.2005) (holding mailing as required by Rule 3007 constitutes sufficient and proper service); and *Dellamarggio v. B–Line, L.L.C. (In re Barker)*, 306 B.R. 339, 348 (Bankr. E.D.Cal.2004) (holding Rule 3007 controls and mailing of notice to the address stated on the proof of claim satisfies due process).

tices should be sent." [37] "Parties in claims proceedings are entitled to rely on the addresses provided by the claimant on a proof of claim and ... requirements of due process are satisfied by mailing to such addresses." [38]

Under this construction, the notice to the Department satisfied the applicable rule because the objection was mailed to the Department at P.O. Box 1920, St. Paul, Minn., the notice address stated in the proof of claim. The method of notice used by the Debtor complied with Bankruptcy Rule 3007, which specifically addresses objections to claims. Under the foregoing authorities, the notice given was reasonably calculated to apprise the Department of Education of the objection and hearing. This is all the due process requires.

■ The Department argues that despite notice in accord with Bankruptcy Rule 3007 and acknowledged receipt of the notice, due process required that the U.S. Attorney also be notified of the objection and hearing. The first provision relied upon is Standing Order 99–2, in effect in year 2000, when the Debtor filed her objection to claim and when the Court granted that objection. It provided in part:

### SCHEDULING, LISTING AND NOTICING THE UNITED STATES AS A CREDITOR

(a) **Departments, Agencies and Instrumentalities of the United States.** If a department, agency, or instrumentality of the United States is a creditor, the schedules and matrix must list that agency at the address provided by Standing Order of the court. Any notice or service given to an address listed in Standing Order will be in addition to any notice required by statute, rule or regulation.

(b) **United States Attorney's Office.** In all cases in which any department, agency or instrumentality of the United States is a creditor, the schedule of creditors and matrix must also list the United States Attorney's Office located in the division headquarters in which the petition for relief has been filed.

If one of the following departments, agencies or instrumentalities of the United States is a creditor, the schedule and matrix should list the agency at the address indicated herein:

\*  \*  \*  \*  \*  \*

2. DEPARTMENT OF EDUCATION (DOE)

(Debtor(s)' Social Security Number must be included.)

Regional Director Region IX
Department of Education
Office of Postsecondary Education
50 United Nations Plaza
San Francisco CA 94102

In this case, the Debtor mailed copies of the objection to claim and the hearing to the Department at the address on the Department's proof of claim, but not to the San Francisco office or to the U.S. Attorney.

The Court finds, contrary to the position of the Department of Education, that notice upon the U.S. Attorney was not required by the Standing Order. First, the standing order directs the names and addresses to be included in the matrix. It does not expressly direct that the notice of claim objection or hearing be served on the persons listed in the matrix at the addresses in the matrix. Rather, it states, "Any notice or service given to an address

---

37. *In re Barker*, 306 B.R. at 347 (quoting Official Form 10).

38. *Id.*

listed in the Standing Order will be in addition to any notice required by statute, rule or regulation." [39] This construction is reinforced by LBR 1007(b).1,[40] addressing preparation of petition and schedules. Subsection (a) of the local rule specifies the manner of the preparation of the list of creditors and states in the last sentence, "If the United States is listed as a creditor, the agency shall be noticed as provided by Standing Order 99–2." [41] As examined above, the Standing Order has no requirement that notice of objections to claims be mailed to the persons listed on the matrix.

Second, Bankruptcy Rule 3007 addresses notice of objections to claims. As discussed above, courts have held that due process is satisfied if the objection and notice of hearing are mailed to the address stated on the proof of claim. The Preface to the local rules states the hierarchy of the rules, in the following descending order: Federal Rules of Civil Procedure; Federal Rules of Evidence; Federal Rules of Bankruptcy Procedure; Rules of Practice and Procedure of the United States District Court for the District of Kansas; Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Kansas; Bankruptcy Court Standing Orders; and Procedural Guidelines of Individual Bankruptcy Judges. The Standing Order upon which the Department relies does not refer to Bankruptcy Rule 3007 and cannot be construed to supplement its notice requirement.

■ Finally, bankruptcy courts have a large measure of discretion in application of local rules.[42] This Court finds that in-terpretation of the Standing Order to require service upon the U.S. Attorney and the Department of Education at the California address as a condition to an enforceable order would not serve the dictates of justice where it is undisputed that the debtor mailed the objection and notice of hearing to the creditor at the address provided by the creditor and that creditor received the mailing.

■ Likewise, Bankruptcy Rule 2002(j), also relied upon by the Department, did not require notice to the U.S. Attorney. The rule provides in relevant part:

(j) **Notices to the United States.** Copies of notices required to be mailed to all creditors under this rule shall be mailed ... (4) if the papers in a case disclose a debt to the United States other than for taxes, to the United States Attorney for the District in which the case is pending and to the department, agency, or instrumentality of the United States through which the debtor became indebted; ...

Subsection (j) of Bankruptcy Rule 2002 addresses situations where "[c]opies of notices [are] required to be mailed to all creditors." Bankruptcy Rule 3007 requires that a notice of a claim objection be mailed only to the "claimant, the debtor or debtor in possession and the trustee," not to all creditors. Bankruptcy Rule 2002(j) did not require notice to the U.S. Attorney.

The Court further finds the Department's reliance upon *In re Mausser* [43] in support of its position that Bankruptcy Rule 2002(j) required notice to the U.S.

---

**39.** D. Kan. Bk. S.O. 99–2(b)(2000).

**40.** D. Kan. L.B.R. 1007(b).1 (2000).

**41.** *Id.*

**42.** *Mesta Machine Co. v. Mellon Bank, N.A. (In re Mesta Machine Co.),* 30 B.R. 178, 181 (Bankr.W.D.Pa.1983).

**43.** 225 B.R. 667 (Bankr.D.Iowa 1998).

Attorney misplaced. Unlike this case, *Mausser* concerned a federal agency's filing an objection to exemptions more than 20 days after the conclusion of the meeting of creditors where the U.S. Attorney was not sent notice of the meeting. The court held that the failure to give notice to the U.S. Attorney prevented the bar date from running and the agency's filing of an objection to exemptions 38 days after the conclusion of the meeting of creditors, rather than within 20 days as required by Bankruptcy Rule 4003(b), was timely. Because Bankruptcy Rule 2002(a)(1) required that notice of the meeting be given to all creditors, Bankruptcy Rule 2002(j) was applicable and required that the U.S. Attorney be mailed a copy of the notice. The case before this Court concerns the objection to a proof of claim where notice was governed by Bankruptcy Rule 3007, rather than Bankruptcy Rule 2002, as in *Mausser*.

■ One of the arguments of the Department is that because objection to a proof of claim initiates a contested matter[44] governed by Bankruptcy Rule 9014, notice must be given in the manner of a summons under Bankruptcy Rule 7004, or at least to the persons who are to be served with a summons under Bankruptcy Rule 7004. Bankruptcy Rule 9014, contested matters, addresses initiation of a contested matter, service, and the rules applicable in contested matters. It provides in part:

> (a) **Motion.** In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

> (b) **Service.** The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R. Civ.P.

The manner of service provided by Bankruptcy Rule 7004 is that required for service of a summons. As to service upon the agencies of the United States, the rule requires the delivery of the summons and complaint to the United States Attorney for the district in which the action is brought and sending a copy by registered or certified mail to both the agency and to the Attorney General of the United States at Washington, District of Columbia.[45]

Some courts have held that Bankruptcy Rule 9014 requires notice of a claim objection be served in accord with Bankruptcy Rule 7004.[46] Generally these opinions involve no analysis, and often the claimant is the United States or an agency. Perhaps the most interesting case holding that

---

44. *Fairchild v. Internal Revenue Serv. Of United States (In re Fairchild)*, 969 F.2d 866, 868 (10th Cir.1992); see 4 *Collier on Bankruptcy* ¶ 502.02[3][b](Alan N. Resnick & Henry J. Sommer eds-in-chief, 15th ed. Rev.2005) and Fed. R. Bankr.P. 9014, Advisory Committee Note (1983) ("For example, the filing of an objection to a proof of claim ... creates a dispute which is a contested matter.").

45. Fed. R. Bankr P. 7004.

46. *E.g., United States v. Hernandez (In re Hernandez)*, 173 B.R. 430, 431 (N.D.Ala.1994)

(holding that an objection to claim of IRS must be served in accord with Rule 7004); *In re Levoy*, 182 B.R. at 833–34 (holding objection to claim of IRS must be served under Rule 7004); *Conseco Finance Servicing Corp. v. Rushton (In re Rushton)*, 285 B.R. 76, 81 (Bankr.S.D.Ga.2002) (holding that mailing an objection to a proof of claim to the address on the proof of claim is insufficient where it was not sent to the attention of an officer, managing or general agent, or any other agent authorized by appointment or law to receive service, as required by Rule 7004(b)(3)).

mailing of a claim objection to an federal agency address stated in the proof of claim is not sufficient is *In re Hawthorne*.[47] It held that mailing a notice to the creditor, other than the United States, at the address on the proof of claim is sufficient.[48] The court's analysis was thorough and well reasoned. It concluded that generally the service requirements of Bankruptcy Rule 7004 do not apply to claims litigation because an objection to claim is initiated by a notice, not a motion, and Bankruptcy Rule 9014 addresses service of a motion. Also, Bankruptcy Rule 3007, the rule governing the objection, sets forth its own manner of service, thereby invoking the "not otherwise governed by these rules" phrase of Bankruptcy Rule 9014(b). Bankruptcy Rule 3007, as the specific rule dealing with objection to claims, was held to control service of such an objection.[49] The court found that the "nature of the claims process shows that service under Rule 7004 was not intended"[50] and that requiring service under Rule 7004 "would subject the estate to considerable uncertainty and expense in contrast to permitting notice under Rule 3007 to suffice."[51] It therefore held that service upon the creditor before the court, a private entity, under Rule 3007 was sufficient. The *Hawthorne* court, however, carved out an exception for notice when the creditor is an agency of the United States based upon a local rule, which apparently required service under Bankruptcy Rule 7004. The court stated:

> While this court continues to require service of an objection to claim under Rule 7004 when the claimant is the United States or an agency thereof, it does so under LBR 3007–1 in recognition of the government's unique structure for processing litigation. When there is no special need for Rule 7004 service, the court utilizes LBR 9029–1 to not require such service under LBR 3007–1.[52]

In Kansas in 2002 there was no local rule under Bankruptcy Rule 3007 addressing service of a claim objection.

This Court rejects a rule which would require that notice of a claim objection and the hearing on the objection be served in accord with Bankruptcy Rule 7004, whether the claimant is a private party or a governmental entity. A claim objection is governed by Bankruptcy Rule 3007, which includes its own notice provision. Bankruptcy Rule 9014 requires service of motions initiating contested matters in the manner of Bankruptcy Rule 7004, but a claim objection is not initiated by motion. The Court finds the cases holding that notice of a claim objection is sufficient if it complies with Bankruptcy Rule 3007 is the better rule.

For the foregoing reasons, the Court denies the Department of Education's motion pursuant to Rule 60(b)(4) to set aside the October 23, 2000 Order sustaining the Debtor's objection to the claim of the Department of Education. The Order is not void for lack of personal jurisdiction or lack of due process. The Court had jurisdiction over the Department because it filed a proof of claim. Due process was satisfied because the Department received notice of the objection before the order was entered or within two days thereafter, providing the Department time to seek reconsideration before discharge was granted and the case was closed. In addi-

---

**47.** 326 B.R. 1 (Bankr.D.D.C.2005).

**48.** *Id.* at 4–5.

**49.** *Id.* at 4.

**50.** *Id.*

**51.** *Id.* at 5.

**52.** *Id.* at 5. The local rules are not quoted or discussed in the opinion.

tion, the notice given to the Department complied with Bankruptcy Rule 3007, which governs claim objections. Neither Bankruptcy Rules 9014, 7004, or 2002(j), nor the Standing Order required notice to the U.S. Attorney. The Department's argument, that as a matter of policy based upon the manner in which the Department operates due process requires notice to the U.S. Attorney, is an argument that should be made to the appropriate rules committee. Until such time as the rules require notice of a claim objection to the U.S. Attorney, this Court will apply the same notice requirement for all creditors.

▆ In the alternative, Debtor argues that the Department's motion to set aside the Order should be denied because it was not timely filed. The Order was entered on October 23, 2000, the notice of the objection was received by the Department on or before October 25, 2000, the order reopening the case was filed August 2, 2004, and the motion to set aside the Order was filed on November 28, 2005. This is more than five years after the Department received notice that allowance of the claim was contested. Debtor contends the timeliness of the motion is measured by the reasonable time standard of Rule 60(b)(4) and that standard was not met.

▆ The Court rejects Debtor's position. Although most motions to set aside a judgment brought under Bankruptcy Rule 9014, which incorporates Rule 60 with some modifications, must be brought within a reasonable time, this standard does not apply to motions to set aside judgment as void. A void judgment is simply of no effect, and the motion may be brought at any time. "Although Rule 60(b) purports to require all motions under it to be made within 'a reasonable time,' this limitation does not apply to a motion under clause (4) attacking a judgment as void." [53]

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

**53.** 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2866 (2d ed.1995); *see Orner v. Shalala*, 30 F.3d at 1310 ("Rule 60(b)(4), which provides relief from void judgments, 'is not subject to any time limitation.' "); *In re Levoy*, 182 B.R. at 835 ("A motion to vacate under Fed.R.Civ.P. 60(b) must be made in a 'reasonable time,' Fed. R. Bankr.P. 9024/Fed. R. Civ. P. 60(b), but if a judgment is void, a motion to set is aside may be brought at any time.").