### In re N. Christine PARKER, Debtor.

### No. 99–31207.

United States Bankruptcy Court, D. Utah.

Aug. 14, 2008.

---

Oliver K. Myers, Oliver K. Myers, P.C., Jory L. Trease, Salt Lake City, UT, for Debtor.

## MEMORANDUM DECISION

WILLIAM T. THURMAN, Bankruptcy Judge.

The matter before the Court is Alltel Communications, LLC's ("Alltel"), Com-bined Motion to Reopen the Chapter 7 Bankruptcy Case of Christine Parker and Rule 60(b)(4) [1] Motion for Relief from Void Judgment entered seven years ago and now calculated at $2.6 million. The Court conducted an evidentiary hearing on this matter on June 19, 2008. The parties appeared, presented evidence, and oral arguments. Based upon the same and for good cause appearing, the Court makes the following findings of fact and conclusions of law.[2]

## I. BACKGROUND

Christine Parker (the "Debtor") filed her case under chapter 7 of the Bankruptcy Code on October 18, 1999 (the "Case"). While the Case was open, on January 17, 2001, the Debtor filed a motion to impose sanctions upon Cellular One, Collections Unlimited, Inc., and OSI Collection Services, Inc. ("Sanctions Motion") for willful violation of the automatic stay and the discharge injunction.

On or about January 31, 2000, prior to the Debtor filing the Sanctions Motion, an affiliate of Alltel had acquired certain assets of Southwestco Wireless, L.P., d/b/a Cellular One, including an account held by the Debtor. From and after that date of acquisition, Cellular One was no longer the owner of the Debtor's account.

The Debtor served the Sanctions Motion on Cellular One at a P.O. Box address in Phoenix, Arizona.[3] A Notice of Hearing on the Sanctions Motion ("Notice") was also sent to this address. Additionally, the Debtor sent copies of the Sanctions Motion

---

**1.** Fed.R.Civ.P. 60(b).

**2.** This Memorandum Decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, made applicable to this pro-ceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

**3.** *See* Mailing Service attached to the Sanctions Motion.

and the Notice to OSI Collections Services, Inc., at a street address in Seattle, Washington, and to Collections Unlimited, Inc., at a P.O. Box address in Waukesha, Wisconsin and a street address in Phoenix, Arizona. There was no indication on the Mailing Certificate attached to the Sanctions Motion and the Notice that service of process was directed to an officer or a service of process agent of any of the above-named entities. Furthermore, Alltel was never served with a copy of the Sanctions Motion or the Notice.

No response or objection to the Sanctions Motion was ever filed by Cellular One or Alltel. A hearing on the Sanctions Motion was held on March 7, 2001, before Judge John H. Allen, the predecessor of Judge William T. Thurman ("Hearing" or "Sanctions Hearing"). Neither Alltel nor Cellular One appeared at that hearing. At the conclusion of that hearing, the Court granted the Sanctions Motion, and on March 13, 2001, entered a Judgment upon default since no one appeared to contest the motion ("Order" or "Judgment").

The Judgment, which names "Cellular One (n/k/a Alltel") as the judgment debtor, awarded the Debtor the following money damages: (1) compensatory damages in the amount of $418.00; (2) the Debtor's attorney's fees in the amount of $5,000; and (3) punitive damages in the amount of $30,000. The Court also ruled that the Judgment was to be paid within thirty days, and further provided that if the foregoing amounts were not paid within thirty days, the punitive damages portion of the Judgment would increase $1,000 per day each day thereafter until the Judgment was paid in full.

The Case was subsequently closed November 13, 2003. Seven years after the Judgment was entered, the Debtor sought to enforce the sanctions against Alltel. The Debtor asserts that nothing has been paid on the Judgment, and that the amount now due, with interest and accruals, is in excess of $2.6 million.

## II. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334. Venue is appropriate under 28 U.S.C. § 1408(1). The Court finds that notice of this hearing is appropriate in all respects.

## III. DISCUSSION

Section 350(b)[4] of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."[5] Rule 5010[6] of the Federal Rules of Bankruptcy Procedure provides, in turn, that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to [§ ] 350(b) of the [Bankruptcy] Code."[7]

Alltel argues that cause exists to reopen this case because the Judgment is void. Alltel contends that the Judgment should, therefore, be vacated and set aside pursuant to Federal Rule of Civil Procedure 60(b)(4),[8] made applicable to this proceed-

---

**4.** Unless otherwise noted, all future statutory references are to Title 11 of the United States Code.

**5.** 11 U.S.C. § 350(b).

**6.** Unless otherwise noted, all subsequent references to rules are to the Federal Rules of Bankruptcy Procedure.

**7.** FED. R. BANKR.P. 5010.

**8.** FED.R.CIV.P. 60(b)(4). Rule 60(b)(4) allows a court to relieve a party from a final judgment if the judgment is void.

ing by Rule 9024.[9] In support of its argument, Alltel asserts that (1) the Court never acquired jurisdiction over it because the Debtor failed to properly serve Alltel with a copy of the Sanctions Motion and the Notice in the manner required by Bankruptcy Rule 7004(b)(3); (2) even if the Court did acquire jurisdiction, it was without jurisdiction to award the Debtor a default judgment against Alltel for amounts in excess of those expressly prayed for in the Debtor's Sanctions Motion; and (3) the amount of the Court's punitive damages award violated Alltel's procedural and substantive due process rights.[10]

The Debtor, on the other hand, argues that Alltel's Motion should be denied and she should be allowed to enforce the Judgment because (1) Alltel, or at least Cellular One, consented to jurisdiction when it filed a proof of claim in this case;[11] (2) the Judgment is not void because there is simply a dispute about notice and Judge Allen found that Cellular One had actual notice of the Sanctions hearing; (3) the punitive damages award of a $1,000 per day was not beyond the scope of the Debtor's Sanc-

tions Motion because the Debtor had specifically requested monetary sanctions against Cellular One to assure that similar conduct would not repeat; and (4) Alltel's Rule 60(b) Motion was untimely.

In support of her argument that the Court had jurisdiction to enter the Judgment, the Debtor cites *In re Levoy*[12] and *In re Hensley*.[13] The issue in each case was whether the bankruptcy court had jurisdiction to enter an order disallowing a creditor's claim even though the creditor was not properly served with or notified of the debtor's objection to its claim.[14] In concluding that the bankruptcy court had jurisdiction to disallow the creditor's claim, the *Levoy* and *Hensley* courts pointed out that by filing a proof of claim, the creditor submitted itself to the jurisdiction of the bankruptcy court for purposes of allowance or disallowance of its claims.[15]

The present case is distinguishable from the cases cited by the Debtor because those cases dealt solely with the jurisdictional issue in disputes concerning an allowance or disallowance of a claim. Indeed, Judge Somers, who was the author of *Hensley*, clarified, in a case issued two

---

9. Fᴇ D.R. Bᴀɴᴋʀ.P. 9024. Unless otherwise noted, all future references to the Bankruptcy Rules are to the Federal Rules of Bankruptcy Procedure.

10. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (holding that "there are procedural and substantive constitutional limitations on [punitive damages] awards, [and the] Due Process clause . . . prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor.") (internal citations omitted).

11. On or about January 31, 2000, an affiliate of Alltel acquired certain assets of Southwestco Wireless, L.P., d/b/a Cellular One, including an account held by the Debtor. On June 28, 2000, Cellular One filed Proof of Claim number 3 in the amount of $180. The Debtor argues that by filing this proof of claim, Cellu-

lar One placed itself under the jurisdiction of the Court. The Debtor further contends that Alltel stepped into the shoes of Cellular One when it purchased the assets of Southwestco Wireless, L.P. By extension, the Court obtained jurisdiction over Alltel when Cellular One filed a proof of claim in this case.

12. *United States v. Levoy (In re Levoy)*, 182 B.R. 827 (9th Cir. BAP 1995).

13. 356 B.R. 68 (Bankr.D.Kan.2006).

14. *In re Levoy*, 182 B.R. at 832; *In re Hensley*, 356 B.R. at 72–73.

15. *In re Levoy*, 182 B.R. at 832; *see also In re Hensley*, 356 B.R. at 73 (holding that in claim objection cases, personal jurisdiction over a creditor is established by filing a proof of claim).

months later, that his holding in *Hensley* was based upon the fact that the dispute concerned a claim objection.[16] The dispute in this case, however, does not concern the allowance or disallowance of Cellular One's or Alltel's claim. Rather, it concerns a $2.6 million judgment that was entered against Cellular One for an alleged violation of the automatic stay and the discharge injunction. Therefore, the holding of *Levoy* and *Hensley* is inapplicable to the jurisdictional question in this case.

Moreover, unlike the present case, the cases cited by the Debtor were not contested matters and were, therefore, subject to different notice requirements. As the *Hensley* court pointed out, "claim objections [are] governed by Rule 3007, which includes its own notice provision." [17] Contested matters, on the other hand, are governed by Rule 9014, which requires service of motions initiating such matters in the manner specified by Rule 7004.[18] The *Hensley* court further noted that since "a claim objection is not initiated by a motion," [19] and therefore not a contested matter, "mailing of an objection and notice of hearing in accord with [Rule] 3007 to the creditor at the address stated in the proof of claim [is] sufficient to satisfy due process." [20] The foregoing further demonstrates that the present case is factually and procedurally distinguishable from the cases cited by the Debtor.

As additional support for her argument, the Debtor also cites *Herman v. Miller*[21] for the proposition that "a judgment is not void if there is simply an issue of fact as to notice." [22] In *Herman*, the plaintiff filed a complaint against the defendant to enjoin him from violating provisions of the Fair Labor Standards Act of 1938, and sought to recover unpaid overtime compensation and liquidated damages.[23] The plaintiff sought summary judgment, and certified service.[24] The defendant never filed a response to the plaintiff's motion, and a judgment was entered against him.[25] The defendant moved to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b), alleging that the judgment was void because it was entered without notice to him of the plaintiff's motion.[26] In denying the defendant's motion to vacate the judgment, the court concluded that the defendant had failed to respond to the plaintiff's motion, failed to monitor the status of the case, and did not dispute the accuracy of the address to which the plaintiff's motion and notice of hearing were sent.[27] *Herman*, however, is inapplicable because it turned on the determination that the defendant's own negligence and bad faith precluded him from receiving notice of the plaintiff's motion. No such evidence of negligence or bad faith on the part of the creditor was presented in this case.

16. *In re Swanson*, 343 B.R. 678, 684 (Bankr. D.Kan.2006) ("in *Hensley*, the matter was controlled by Rule 3007, which did not require service of a claim objection in the manner specified by Rule 7004 because the objection had not been joined with a demand for relief of the kind that requires an adversary proceeding.").

17. *In re Hensley*, 356 B.R. at 80.

18. *Id.*

19. *Id.*

20. *Id.* at 75.

21. 63 F.Supp.2d 918, 921 (C.D.Ill.1999).

22. *Id.*

23. *Id.* at 918.

24. *Id.* at 919.

25. *Id.*

26. *Id.*

27. *Herman*, 63 F.Supp.2d at 920–921.

Finally, the Debtor argues that Cellular One and Alltel were afforded due process and should, therefore, be bound by the Judgement because they had actual notice of the Sanctions Motion and Hearing. The Debtor asserts that Cellular One did receive notice of the Sanctions Motion and Hearing because she mailed the same to the address listed on its proof of claim on the March 13, 2001, with copies to OSI and Collections Unlimited. The Debtor further contends that she never received return mail implying that the Sanctions Motion or the Notice was not received by the creditor. The Debtor also points out that Judge Allen specifically found that "Cellular One had actual notice of the filing and notice of this motion and hearing." [28]

The Debtor's argument, however, is unavailing. Whether Cellular One actually received notice was not litigated before Judge Allen. It is undisputed that Cellular One was not at the Sanctions Hearing, and now claims that it had no knowledge of that hearing. It appears that in ruling that Cellular One had received notice of the Sanctions Motion and Hearing, the Court may have based its finding on the mailing certificate, which show that the Sanctions Motion and the Notice were mailed to Cellular One at a P.O. Box address in Phoenix. Whatever may be the basis for that ruling, there was no evidence presented at the present hearing indicating that Cellular One and/or Alltel had actual notice of the Debtor's bankruptcy petition, the Sanctions Motion or the Sanctions Hearing. In fact, the evidence, at last with respect to Alltel, demonstrated that it did not receive any such notice.

The Supreme Court has set forth the due process requirements for notice in *Mullane v. Central Hanover Bank & Trust Co.,*[29] which states, in pertinent part, that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. The notice must be of such nature as reasonable to convey the required information ... and it must afford a reasonable time for those interested to make their appearance." [30]

Where a creditor files a proof of claim with the clerk of the court, the court does indeed acquire personal jurisdiction over that creditor to the extent of allowing or disallowing those claims and matters arising in litigating those claims.[31] Personal jurisdiction, however, depends on the connection between the defendant and the forum to which the defendant is subject. Due process requires that all litigants be given notice and an opportunity to be heard.[32] A party's expectation and opportunity to respond to charges filed against it are related to the contacts it makes with the forum state or district. In the present case, the mere filing of a proof of claim would not necessarily provide the creditor with the expectation or notice of any action against it or with sufficient opportunity to respond.

Furthermore, the applicable case law suggests that there is a difference between the filing of a proof of claim and the filing of a motion in a contested matter. Indeed, the United States Judicial Conference and

---

**28.** Debtor's Resp. to Mot. to Reopen ¶ 8.

**29.** 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

**30.** *Id.*

**31.** *In re Levoy,* 182 B.R. at 832.

**32.** *Mullane,* 339 U.S. at 314, 70 S.Ct. 652.

the United States Supreme Court, in approving and adopting the Federal Rules of Bankruptcy Procedure, recognized that objection to claims and filing of a motion in a contested matter are dissimilar enough to require different methods of service of process.[33] This is consistent with the reasoning of *Mullane*.

As stated above, while objections to claims are governed by Rule 3007, which permits the service of process to be performed through first class mail to an individual or a company in general, a motion triggers a contested matter, which is governed by Rule 9014.[34] That rule states that "[t]he motion shall be served in the manner provided for service of a summons and complaint in Rule 7004."[35] Rule 7004(b)(3) provides that service by first class mail may be made within the United States "upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."[36] In effect, in a contested matter, the notice of hearing is treated as a summons and the motion is treated as a complaint.

In the present case, there is no dispute that Alltel is a corporation. However, the Notice and the Sanctions Motion were not served pursuant to Rule 7004, and service was therefore inadequate. They were only sent to a P.O. Box or a street address of a corporate entity, and not to the registered agent or an officer of the creditor. The Court, therefore, finds that the notice of the Sanctions Motion and Hearing to Alltel was insufficient under Rule 7004(b)(3) to "apprise it of the pendency of the action and afford it an opportunity to present objections."[37] With this finding, the Court determines it is unnecessary to address the Debtor's remaining arguments and objections.

## IV. CONCLUSION

Accordingly, the Court determines that cause exists to reopen the case and to grant Alltel's motion to vacate.

## APPENDIX

### SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below:

N. Christine Parker

598 West 1600 South

Woods Cross, Utah 84087

Jory L. Trease, Esq

9 Exchange Place, #300

Salt Lake City, UT 84111

Oliver K. Myers, Esq

265 East 100 South, Suite 300

Salt Lake City, UT 84111

---

33. *See* Fed. R. Bankr.P. 3007 *compare* Fed. R. Bankr.P. 7004.

34. At the hearing, the Debtor's counsel argued that when the Judgment was entered, the custom and practice did not require the Debtor to comply with the notice and service requirements of Rule 7004. The Court disagrees, and notes that the notice and service requirements in the above-mentioned rules have remained unchanged from when the case was filed.

35. Fed. R. Bankr.P. 9014(a).

36. Fed. R. Bankr.P. 7004(b)(3).

37. *Mullane*, 339 U.S. at 314, 70 S.Ct. 652.

United States Trustee

405 South Main Street, Suite 300

Salt Lake City, UT 84111

Michael R. Johnson, Esq

Snell & Wilmer LLP

15 West South Temple, Suite 1200

Gateway Tower West

Salt Lake City, UT 84101

Alltel Communications, LLC

c/o CT Corporation System

136 East South Temple, Suite 1200

Salt Lake City 84111

Chapter 7 Trustee

Gary E. Jubber, Esq.

Fabian & Clendenin

215 South State, #1200

Salt Lake City, UT 84111

Kent W. Plott, Esq.

Lundberg & Assocites

3269 South Main Street, Suite 100

Salt Lake City, UT 84115